IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT MICHAEL CHRISMAN                                                    PLAINTIFF

vs.                                    Civil No. 2:17-cv-02036

NANCY A. BERRYHILL                                                         DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Robert Michael Chrisman ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.  **Background:**

Plaintiff protectively filed his disability application on October 20, 2014. (Tr. 18). In his application, Plaintiff alleges being disabled due to cancer, anemia, and complications from cancer. (Tr. 156). Plaintiff alleges an onset date of April 15, 2005. (Tr. 18). This application was denied initially and again upon reconsideration. (Tr. 49-76).

Plaintiff requested an administrative hearing on October 27, 2015. (Tr. 81-82). This request was granted, and Plaintiff's administrative hearing was held on March 21, 2016. (Tr. 30-48). Thereafter, on October 14, 2016, the ALJ entered a fully unfavorable decision denying Plaintiff's

application. (Tr. 15-23). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2019. (Tr. 20, Finding 1). The ALJ determined Plaintiff engaged in Substantial Gainful Activity ("SGA") from April of 2005 until December of 2013. (Tr. 20, Finding 2). Thus, the ALJ found the relevant time period began after December of 2013 when his SGA ceased.

During the relevant time-period, the ALJ determined Plaintiff had the following severe impairments: anemia, malignant neoplasm of the colon, and malignant neoplasm of the bladder. (Tr. 20, Finding 4). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21, Finding 5).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 21-22, Finding 6). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except frequent foot controls; can frequently be exposed to unprotected heights; can tolerate moderate noise, like that in a normal office setting.

*Id.*

The ALJ then considered Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 7). Considering his RFC and other vocational considerations, the ALJ determined Plaintiff retained the capacity to perform his PRW as a chief executive officer. (Tr. 22, Finding 7). Because he retained the capacity to perform this PRW, the ALJ found he was not under a disability (as defined by the Act) from April 15, 2005 through the date of his decision or through October 19, 2016. (Tr. 22,

Finding 8).

Plaintiff requested the Appeals Council's review of this decision. This request was denied; and on February 23, 2017, Plaintiff filed his Complaint in this action. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 14-15. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff alleges the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 14. Specifically, Plaintiff argues the following: (1) the ALJ erred when he found Plaintiff had engaged in Substantial Gainful Activity ("SGA") from April of 2005 to December of 2013; (2) the ALJ erred when he found Plaintiff retained the RFC to perform

4

sedentary work; and (3) the Appeals Council erred in its consideration of the additional medical records. ECF No. 14 at 1-14.

Because the Court finds the ALJ erred in assessing Plaintiff's RFC, this issue will be discussed in detail below. However, as an initial matter, and because it is important to the outcome of this case, the Court will also consider whether the ALJ improperly determined Plaintiff performed SGA from April of 2005 to December of 2013. According to the testimony in this case, Plaintiff worked for a closely-held family corporation as a CEO. (Tr. 145). From 2005 until 2013, in this capacity, Plaintiff earned between $50,000 to nearly $100,000 yearly. *Id.* Plaintiff claims this income should be considered under the "self-employed" standard to determine whether he was engage in SGA. *See* 20 C.F.R. § 404.1575 (2016).

Under this standard, one of the tests for determining if Plaintiff performed SGA was whether he rendered "services that are significant to the operation of the business and receive a substantial income from the business." "Significant services" include "*any* services that you render" because they are "significant to the business." Pursuant to Plaintiff's testimony, he admitted that while he was the CEO, he spent time supervising workers, hired and fired, and signed employee checks. (Tr. 158). The record also shows Plaintiff stopped earning an income and stepped down as CEO when the company filed for bankruptcy in 2013, and his brother took over as CEO. (Tr. 169). Accordingly, even assuming Plaintiff's income should be considered under the "self employed" standard, based upon these facts alone, the Court cannot find the ALJ erred in finding Plaintiff performed SGA during that time-period.

As for Plaintiff's RFC, the ALJ was required to consider Plaintiff's limitations for the relevant time-period (from the date he stopped SGA in 2013 until the date of the ALJ's decision in

sedentary work; and (3) the Appeals Council erred in its consideration of the additional medical records. ECF No. 14 at 1-14.

Because the Court finds the ALJ erred in assessing Plaintiff's RFC, this issue will be discussed in detail below. However, as an initial matter, and because it is important to the outcome of this case, the Court will also consider whether the ALJ improperly determined Plaintiff performed SGA from April of 2005 to December of 2013. According to the testimony in this case, Plaintiff worked for a closely-held family corporation as a CEO. (Tr. 145). From 2005 until 2013, in this capacity, Plaintiff earned between $50,000 to nearly $100,000 yearly. *Id.* Plaintiff claims this income should be considered under the "self-employed" standard to determine whether he was engage in SGA. *See* 20 C.F.R. § 404.1575 (2016).

Under this standard, one of the tests for determining if Plaintiff performed SGA was whether he rendered "services that are significant to the operation of the business and receive a substantial income from the business." "Significant services" include "*any* services that you render" because they are "significant to the business." Pursuant to Plaintiff's testimony, he admitted that while he was the CEO, he spent time supervising workers, hired and fired, and signed employee checks. (Tr. 158). The record also shows Plaintiff stopped earning an income and stepped down as CEO when the company filed for bankruptcy in 2013, and his brother took over as CEO. (Tr. 169). Accordingly, even assuming Plaintiff's income should be considered under the "self employed" standard, based upon these facts alone, the Court cannot find the ALJ erred in finding Plaintiff performed SGA during that time-period.

As for Plaintiff's RFC, the ALJ was required to consider Plaintiff's limitations for the relevant time-period (from the date he stopped SGA in 2013 until the date of the ALJ's decision in

2016). Indeed, transcript in this case is extensive and contains over 2,000 pages. Most of those documents are medical records. While a large number of those documents are dated outside the relevant time-period of 2013 until 2016, roughly 1,000 of those documents are not. *See, e.g.,* Tr. 914-2544.

Instead of evaluating those records, the ALJ's RFC determination is less than two pages. The bulk of the RFC determination is one paragraph in which the ALJ recognizes Plaintiff suffers from a history of bladder cancer, renal insufficiency, renal failure, and anemia but still finds Plaintiff can perform sedentary work. Apart from referencing a few records supporting his conclusion, the ALJ provides essentially no analysis or support for this finding. Such a determination is wholly inadequate based upon these facts and the history of Plaintiff's cancer treatment. *See Roberts v. Apfel,* 222 F.3d 466, 469 (8th Cir. 2000) (recognizing the ALJ "bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence"). Thus, this case must be reversed and remanded for further consideration of Plaintiff's medical records in this case from the relevant time-period.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of February 2018.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE