IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT MICHAEL CHRISMAN                                                    PLAINTIFF

vs.                                    Civil No. 2:17-cv-02036

ANDREW SAUL
Commissioner, Social Security Administration                               DEFENDANT

**ORDER**

Pending now before the Court is Plaintiff's Supplemental Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Second Motion for Attorney's Fees.  ECF Nos. 22, 26.  The Court will consider these together.  Plaintiff's first motion was filed on November 18, 2020 and his second motion was filed on December 17, 2020 and included additional documentation.  *Id.*  On December 2, 2020, Defendant responded to Plaintiff's Motion.  ECF No. 24.  This matter is now ripe for consideration.

1.    **Background:**

On February 23, 2017, Plaintiff appealed to the Court from the Commissioner of the Social Security Administration's ("SSA") denial of his request for disability benefits.  ECF No. 1.  On February 16, 2018, Plaintiff's case was reversed and remanded to the SSA for further administrative review.  ECF No. 16-17.

After that remand, Plaintiff was awarded disability benefits.  ECF No. 22.  Of the amount awarded, a total of $9,829.50 of the back-pay was withheld as attorney's fees.  *Id.*  With the current Motion, Plaintiff's counsel seeks that entire amount.  *Id.*

2.    **Applicable Law:**

Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant, that court is permitted to determine and to allow as part of its judgment a reasonable fee

for the representation of the claimant before the court. This fee must not be in excess of 25 percent of the total past-due DIB to which the claimant is entitled by reason of such judgment, and this fee may be taken out of the amount of the Plaintiff's past-due DIB. *See id.* However, a court is not authorized to award attorney's fees out of a claimant's past-due SSI. *See id.; Bowen v. Galbreath,* 485 U.S. 74, 78 (1988) (holding that a court is not authorized to award past-due SSI benefits as attorney's fees under Section 406(b)).

Furthermore, a court is not authorized to approve a fee for time spent in the representation of the Plaintiff at the agency level. *See* 42 U.S.C. § 406(b)(1). It is the Commissioner's responsibility to award the fees for any representation before an agency and such fees are not awarded by the courts. *See Pittman v. Sullivan,* 911 F.2d 42, 46 (8th Cir. 1990) (holding that "the matter of attorney's fees for services performed at the administrative level is committed by § 406(b)(1) to the responsibility of the Secretary exclusively and such fees may not be awarded by the courts"). Instead, a plaintiff's attorney must petition the agency for these fees. *See* 42 U.S.C. § 406(a).

In determining the reasonableness of a requested fee, the Eighth Circuit previously determined that the "lodestar" approach should be applied. *See Cotter v. Bowen,* 879 F.2d 359, 363 (8th Cir. 1989), *abrogated by Gisbrecht v. Barnhart,* 535 U.S. 789 (2002). The lodstar approach for fee setting states that a reasonable fee is obtained by multiplying the number of hours reasonably worked on a case by a reasonable hourly rate. *Id.* The United States Supreme Court has, however, abrogated *Cotter* and held that the lodestar approach should not be used as the standard for calculating reasonable attorney's fees. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 793 (2002).

Instead, the United States Supreme Court held Section 406(b) instructs courts to use attorney-client contingency fee agreements to determine the fees to be awarded. *Id.* at 808. Courts should utilize these agreements in awarding fees because the court should not "override customary attorney-client contingent-fee agreements." *Id.* The court is, however, required to review the reasonableness of fees yielded by a contingency fee agreement when awarding fees under Section 406(b). *Id.* (holding that "§ 406(b) instructs courts to review for reasonableness fees yielded by those [contingency-fee] agreements").

3. **Discussion:**

Based upon his itemized bill, Plaintiff's attorney spent 18.10 hours of work devoted to representing Plaintiff before the district court. ECF Nos. 27-4. Pursuant to the contingency fee agreement, Plaintiff's attorney is entitled to 25 percent of past-due benefits. *Id.* For work before the district court, this amount totals $9,829.50. ECF No. 22.

The total request of $9,829.50 divided by the total number of hours requested of 18.10 for work performed before the district court equals an hourly rate of approximately $543.06. Based upon the experience of Plaintiff's attorney and the contingency fee agreement between Plaintiff and his attorney, this Court finds $543.06 is a reasonable hourly rate. *See Gisbrecht,* 535 U.S. at 793. Therefore, the entire requested amount of $9,829.50 is awarded.

4. **Conclusion:**

Pursuant to 42 U.S.C. § 406(b), the Court approves the requested attorney's fees award in the amount of $9,829.50. This amount represents approximately 18.10 court-related hours at an hourly rate of $543.06.

Further, the Court also finds Plaintiff's counsel received an EAJA fee award in the amount

of $3,143.83, and Plaintiff's counsel is directed to refund that amount to Plaintiff.  *See* ECF No. 21.

      **ENTERED this 8th day of January 2021.**

                                          /s/ *Barry A. Bryant*
                                          HON. BARRY A. BRYANT
                                          UNITED STATES MAGISTRATE JUDGE